BAKER, Judge
(concurring in the result):
For the reasons stated by Judge Sullivan, I do not believe the record reflects that appellant waived his right to cross-examine Mrs. Bridges. Although it may have been to appellant’s immediate tactical advantage not to cross-examine Mrs. Bridges, where, as here, it was apparent to all present that Mrs. Bridges would not testify, we should not place form over substance and require defense counsel to engage in a charade in order to preserve the constitutional right of cross-examination. As Judge Sullivan has observed elsewhere, defense counsel’s position on cross-examination may well change in response to a military judge’s ruling on the admission of an out of court statement. United States v. McGrath, 39 MJ 158, 170 (CMA 1994)(Sullivan, J., dissenting). Nonetheless, I concur in the result.
In this case, the military judge correctly determined that Mrs. Bridges was not available for the purpose of cross-examination and, therefore, the Government established the necessity of introducing her out-of-court statement into evidence. And, although the judge’s ruling was in response to the attempts of trial counsel to question Mrs. Bridges, her ruling on availability was not limited to the Government. The military judge also correctly determined that Mrs. Bridges’ statement carried adequate indicia of reliability. This is true whether this Court relies on waiver and McGrath (relying on particularized guarantees of trustworthiness from corroborating evidence unrelated to the making of the statement), or as Judge Sullivan and I argue, in the absence of waiver, the Court limits its inquiry to indicia of reliability surrounding the making of the statement itself. Idaho v. Wright, 497 U.S. 805, 820, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).
The judge’s findings of fact and conclusions of law regarding admissibility satisfy both tests. The particularized guarantees of trustworthiness surrounding the making of Mrs. Bridges’ statement include the following: her statement was made under oath; her statement was made “within fairly close proximity” to the events in question; and her statement was against her own pecuniary interest, evidenced in part by her subsequent refusal to testify.* In light of these factors, it is not necessary to look to additional extrinsic circumstantial guarantees of trustworthiness, such as the observations of Mrs. Bridges’ neighbors; the circumstances surrounding her response to security forces; or statements made to the attending physician when she sought treatment for her two children.

 I leave for another day, whether this latter factor alone would have warranted admission of Mrs. Bridges’ statement as a firmly rooted hearsay exception. Id. at 815, 110 S.Ct. 3139.